IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| S.B., a minor, through her parent and natural guardian, Amanda Brensinger 411 Green Valley Road Sinking Spring, PA 19608 | : : : : : : | Civil Action - Law<br><br>Jury Trial Demanded |
| Plaintiff | : : | NO. |
| vs. | : : | |
| Morey's Pier, Inc. 3501 Boardwalk Wildwood, NJ 08260 | : : : : : | |
| The Morey Organization, Inc., 100 Decadon Dr. Egg Harbor Township, NJ 08234 | : : : : : | |
| Morey's Attractions, LLC 3501 Boardwalk Wildwood, NJ 08260 | : : : : : | |
| ABC Corp. I-III 3501 Boardwalk Wildwood, NJ 08260 | : : : : : | |
| John Doe I-III 3501 Boardwalk Wildwood, NJ 08260 | : : : : : : | |
| Defendants | : | |

## CIVIL ACTION – COMPLAINT

Plaintiff, by and through her undersigned counsel, avers the following in support of the Complaint against Defendants:

### PARTIES

1. Plaintiff Amanda Brensinger is the parent and natural guardian of the minor, S.B.

2. Plaintiff Amanda Brensinger files this claim as the parent and natural guardian of minor, S.B.

3. Plaintiff resides at 411 Green Valley Road, Sinking Spring, PA 19608.

4. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Defendant Morey's Pier, Inc., is a corporate entity, incorporated in the State of New Jersey, with a principal place of business located at 3501 Boardwalk, Wildwood, NJ 08260.

6. Defendant Morey's Pier, Inc., is a citizen of the State of New Jersey.

7. Defendant The Morey Organization, Inc., is a corporate entity, incorporated in the State of New Jersey, with a principal place of business located at 3501 Boardwalk, Wildwood, NJ 08260.

8. Defendant The Morey Organization, Inc., is a citizen of the State of New Jersey.

9. Defendant Morey's Attractions, LLC, is a business entity with a principal place of business located at 100 Decadon Dr., Egg Harbor Township, NJ 08234, formed in the State of New Jersey, whose members are residents of the State of New Jersey.

10. Defendant Morey's Attractions, LLC, is a citizen of the State of New Jersey.

11. At all times relevant herein, Defendants ABC Corp. I-III., were corporate entities with a principal places of business located at 3501 Boardwalk, Wildwood, NJ 08260, who owned, operated, controlled, and were responsible for the maintenance of the amusement attraction at issue in this lawsuit and more particularly described below.  Plaintiff does not know the correct corporate names of Defendants ABC Corp., I-III.

12. Defendants ABC Corp., I-III are citizens of the State of New Jersey.

13. At all times relevant herein, Defendants John Doe I-III., were individuals working at the property known as Morey's Pier, located at 3501 Boardwalk, Wildwood, NJ 08260, who

were responsible for working, maintaining, repairing, servicing, and otherwise operating the amusement attraction at issue in this lawsuit and more particularly described below. Plaintiff does not know the correct individual names of Defendants John Doe, I-III.

14. Defendants John Doe I-III are citizens of the State of New Jersey.

15. At all times material hereto, Defendants owned and operated a certain theme park and recreational facility known as Morey's Pier located at 3501 Boardwalk, Wildwood, New Jersey 08260.

16. At all times material hereto, Defendants solicited business for said theme park and recreational facility by advertising its attractions, amusement rides, and events throughout the State of New Jersey, and elsewhere.

17. On July 2, 2021, Plaintiff was a business invitee and guest of the Defendants having paid for the use of the theme park and its attractions and facilities.

## JURISDICTION AND VENUE

18. Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction over Plaintiff's state law claims as Plaintiff and Defendants are residents of different states and the amount in controversy far exceeds $75,000.00.

19. Defendants are all citizens of the State of New Jersey.

20. Plaintiff is a citizen of Pennsylvania.

21. The events giving rise to this claim occurred at an amusement park known as Morey's Pier, located at 3501 Boardwalk, Wildwood, NJ 08260.

22. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and U.S.C. §1392(b)(2) as the Defendants reside in this district and all events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

23. At all times relevant herein, Defendants owned, operated, controlled, maintained and managed the property known as Morey's Pier located at 3501 Boardwalk, Wildwood, NJ 08260.

24. At all times relevant herein, the Defendants owned, operated, maintained and managed Morey's Pier, the amusement park and its attractions, including the attraction known as the "Strong Man", located at 3501 Boardwalk, Wildwood, NJ 08260. A true and correct copy of a photograph of the attraction is attached as Exhibit "A".

25. At all times relevant herein, the amusement park and its attractions, including the attraction known as the "Strong Man", located at 3501 Boardwalk, Wildwood, NJ 08260, were under the care, custody and control of the Defendants.

26. At all times relevant herein, the Defendants hired, trained, employed and managed employees to maintain and supervise the amusement park and its attractions, including the attraction known as the "Strong Man", located at 3501 Boardwalk, Wildwood, NJ 08260.

27. On July 2, 2021, the minor-Plaintiff was 7 years old.

28. On July 2, 2021, the minor-Plaintiff and her family were paying guests and invitees of the Defendants' amusement park known as Morey's Pier, located at 3501 Boardwalk, Wildwood, NJ 08260.

29. On July 2, 2021, the minor-Plaintiff participated in the amusement attraction at Defendants' amusement park known as "Strong Man".

30. As owners and operators of the theme park and its attractions, Defendants owed a duty to Plaintiff, and to others lawfully on the premises, to keep the premises in a safe condition, free from defects and dangers, and to operate the premises, including the attractions

contained therein, so that visitors could safely use the same without being exposed to dangers, hazards, defects and/or impediments that might cause injury.

31. In violation of the aforesaid duties, Defendants negligently and carelessly placed and kept the bar of the attraction too high for the minor-Plaintiff allowing it to become and remain in an unsafe and dangerous condition and to render it unsafe for her, causing her to fall from too great a height, resulting in serious and permanent injuries.

32. In further violation of the aforesaid duties, Defendants negligently and carelessly failed to lower the bar of the attraction to the proper height prior to the minor-Plaintiff taking her turn, allowing it to become and remain in an unsafe and dangerous condition and to render it unsafe for her, causing her to fall from too great a height, resulting in serious and permanent injuries.

33. In further violation of the aforesaid duties, Defendants negligently and carelessly failed to place the appropriate mat underneath the minor-Plaintiff before she took her turn, allowing it to become and remain in an unsafe and dangerous condition and to render it unsafe for her, causing her to land on an unprotected and unsafe surface under the circumstances, resulting in serious and permanent injuries..

34. While hanging from the high bar on the attraction, the minor-Plaintiff could not hold on any longer, and she fell from too high an elevation directly to the ground where there was no mat underneath of her.

35. As a direct and proximate result of the aforesaid negligence and/or carelessness of the Defendants, the minor-Plaintiff, S.B., sustained serious and permanent injuries to her leg, which required surgical repair, she has and will in the future continue to suffer great pain, she has and will in the future incur significant medical costs, she has and will in the

future be unable to attend to her customary activities and duties, she has been and in the future will be damaged.

36. On August 30, 2021, Plaintiff, by and through counsel, provided notice of the incident to the Defendants pursuant to N.J.S.A. 5-3:57.

<b><u>COUNT I</u></b><br><b><u>NEGLIGENCE/PERSONAL INJURY</u></b>

37. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as though fully set forth at length herein.

38. On July 2, 2021, Defendants breached the duty of care it owed to the Plaintiff by:

   a. failing to properly equip the amusement park attraction at issue relative to the height of the bar from which guests are suspended;

   b. failing to properly equip the amusement park attraction at issue in terms of the matting underneath the bar from which guests are suspended;

   c. failing to properly supervise the amusement park attraction at issue;

   d. failing to properly train, direct, or otherwise supervise the operators of the amusement park attraction at issue;

   e. failing to properly maintain the amusement park attraction at issue;

   f. failing to provide adequate safeguards and equipment at the amusement park attraction at issue;

   g. failing to maintain a safe amusement park;

   h. failing to properly recognize an emergency situation;

   i. failing to properly respond to an emergency situation;

   j. failing to exercise the highest degree of care under the circumstances;

   k. vicarious liability on behalf of the Defendants' agents, servants, and/or employees acting within the course and scope of their employment;

l. impliedly and expressly representing that the amusement park attraction at issue was safe for use when it was not;

m. failing to comply with the applicable regulations, laws, codes, ordinances, and statutes, relative to amusement parks such as the one described herein; and

n. failing to properly warn, instruct, or otherwise direct guests about the amusement park attraction at issue and the risks associated with same.

39. By conducting themselves as set forth above, Defendants' acts and/or omissions were a substantial factor, a factual cause and/or increased the risk of harm to the minor Plaintiff.

**WHEREFORE**, Plaintiff, demands judgment for damages against the Defendants, jointly, severally, or in the alternative, together with interest, costs of suit and such other relief as the Court deems proper.

### Jury Demand

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

Respectfully submitted,

*/s/ Leonard K. Hill*
Leonard K. Hill, Esquire
Attorney for Plaintiff

**Hill & Associates, P.C.**
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
Leonard@Hilljustice.com

Date: 9/2/21

